**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PER-PAP LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>OS PACIFIC LLC, a Florida limited liability company; OSI RESTAURANT PARTNERS LLC, a Delaware limited liability company; UNITED OHANA LLC, a Texas limited liability company; and DOES 1-9,<br><br>  Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 5:21-cv-00806-JGB-SHK<br><br>**JUDGMENT IN FAVOR OF CROSS-COMPLAINANT OSI RESTAURANT PARTNERS LLC AND AGAINST CROSS-DEFENDANTS OS PACIFIC LLC AND UNITED OHANA LLC**<br><br>JUDGE:   Hon. Jesus G. Bernal |

This case came on for trial on April 2-4, 2024, in Courtroom 1 of the United States District Court, Central District of California– Riverside Division, the Hon. Jesus G. Bernal, presiding. Plaintiff PER-PAP LLC ("Plaintiff") appeared by attorney Eric McFarland of Thompson Welch Soroko & Gilbert LLP. Defendants/Cross-Defendants OS PACIFIC LLC ("OS Pacific") and UNITED OHANA LLC ("United") (collectively referred to as "Cross-Defendants") appeared by attorney Aaron Tobin of Condon Tobin Sladek Thornton Nerenberg PLLC. Defendant/Cross-Complainant OSI RESTAURANT PARTNERS LLC ("OSI") appeared by attorney Phillip C. Samouris of Higgs Fletcher & Mack, LLP.

The parties duly waived a trial by jury and tried the matter to the court. Plaintiff sought to obtain judgment against OSI, OS Pacific, and United, and each of them, in the amount of $3,156,803, plus fees and costs.

On April 4, 2024, after the close of evidence, OSI, OS Pacific, and United, on the one hand, and Plaintiff, on the other hand, reached a settlement in the compromised amount of $2,500,000 which they have memorialized in a written settlement agreement (the "Settlement Agreement").

Pursuant to the Settlement Agreement, OSI paid $2,500,000 to Plaintiff in complete settlement of all claims which were raised by Plaintiff against OSI, OS Pacific, and United, and each of them, or could have been raised in litigation by Plaintiff against them, now or hereafter. In exchange, Plaintiff released all claims it had against OSI, OS Pacific, and United, and each of them, through the date of the Settlement Agreement, and Plaintiff dismissed its entire complaint with prejudice.

On November 29, 2023, the Court granted in part OSI's motion for partial summary judgment, ruling pursuant to the Indemnity Agreement, that OS Pacific and United have a duty to defend OSI as to Plaintiff's claims and that the issue of OS Pacific's and United's indemnity obligations was not ripe as the damages stemming from Plaintiff's claims had not been adjudicated.

Given the Court's summary judgment ruling regarding liability and without waiving their right to appeal that ruling, OS Pacific and United consented to the entry of this judgment after trial ("Judgment") in favor of OSI, and against OS Pacific and United jointly and severally, on the amount of damages regarding OSI's cross-complaint for indemnity in the Case, in the amount of $2,568,422, plus reasonable attorneys' fees and costs incurred by OSI in the Case, in an amount to be determined by the Court by post-judgment Memorandum of Costs and Fees.

OS Pacific and United further agreed that the settlement amount of $2,500,000 is a reasonable amount under the circumstances, and that the Settlement Agreement was properly negotiated and freely reached by the parties in good faith.

OS Pacific and United reserve and do not waive their rights to contest/object to OSI's Memorandum of Costs and Fees and to appeal the Summary Judgment ruling and the Judgment as it relates to OSI's Memorandum of Costs and Fees and to the extent the Judgment incorporates the Summary Judgment rulings and findings.

In light of the foregoing, and after hearing the evidence and arguments of counsel, including the Application for Entry of Judgment submitted by OSI, and the documents and evidence in support thereof, and the complete files and records of this case, including the findings and orders set-forth the Order GRANTING-IN-PART and DENYING-IN-PART OSI's Motion for Partial Summary Judgment (Dkt. No. 52), and good cause appearing therefore,

The court makes the following Findings of Facts and Conclusions of Law:

## I.

## PROCEDURAL AND JURISDICTIONAL FACTS

On March 16, 2021, Plaintiff filed a complaint against OSI and Cross-Defendants in the Superior Court of California for the County of Riverside. ("Complaint," Dkt. No. 1-2.) The Complaint alleges three causes of action: (1) breach of lease against OS Pacific; (2) breach of guaranty against OSI; and (3) breach of contract against United Ohana. (Dkt. No. 1-2.) Defendants OS Pacific and United Ohana removed the matter to this Court on May 6, 2021, pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. No. 1.) On November 18, 2021, the Court granted OSI's motion for leave to assert a crossclaim. (Dkt. No. 21.) On November 29, 2021, OSI filed the Cross-Complaint against Cross-Defendants which alleges three claims: (1) breach of contract ("Claim One"); (2) contractual indemnity ("Claim Two"); and (3) equitable indemnity ("Claim Three"). (See Cross-Complaint.)

On September 20, 2023, OSI filed a Motion for partial summary judgment as to Cross-Defendants' liability under Claim One and Claim Two of the Cross-Complaint. ("MSJ," Dkt. No. 41.) On October 23, 2023, Cross-Defendants opposed the MSJ. ("Opposition," Dkt. No. 44.) On October 30, 2023, OSI filed its Reply.

("Reply," Dkt. No. 45.) On November 29, 2023, the court issued an Order on the MSJ ("MSJ Order," Dkt. No. 52.).

## II.
## **FACTS**

The court hereby refers to and incorporates by reference the findings of fact set-forth in the MSJ Order. In addition, the following material facts are sufficiently supported by admissible evidence and/or undisputed and stipulated to by the parties.

**A.   Stipulated Facts**

The parties stipulated to these facts in the Final Pretrial Conference Order, at ¶ 8, sub-paragraphs a-v (referred to hereafter as "Stipulation, ¶ 8.___.")

a. This case arises out of OS Pacific's lease of the premises from Plaintiff located at 71959 CA-111, Rancho Mirage, CA 92270 (the "**Premises**").

b. OS Pacific operated a restaurant out of the premises known as "Roy's Restaurant."

c. In or around March 2020, OS Pacific ceased operations at the Premises.

d. In April 2020, OS Pacific and Plaintiff attempted to negotiate a three-month rent abatement for the months of April, May, and June 2020. The abatement was never reduced to a signed writing. OS Pacific was ultimately unable to operate and make rent payments as they became due.

e. OS Pacific vacated the premises in October 2020 and returned possession of the premises to Plaintiff on or about October 26, 2020.

f. OS Pacific has not paid any rent or other expenses under the Lease since April 2020.

g. A true and correct copy of the lease for the Premises is **Trial Exhibit 32** (the "**Lease**").

h. The Lease is a "triple net" lease in which the OS Pacific agreed to pay all rent and operating expenses for the premises, including without limitation all utilities, maintenance expenses, taxes, and insurance.

     i. The term of the Lease expires in March 2032.

     j. The Lease was originally between NNN Acquisitions, Inc. and OS Pacific.

     k. In May 2013, the Premises was acquired by the current owners, including Plaintiff, the majority owner, and the Lease for the premises was assigned to the current owners as part of the change of ownership.

     l. OS Pacific is the tenant under the Lease, and Plaintiff is the managing landlord in connection with the Lease.

     m. OS Pacific is a wholly owned subsidiary of Parent Company.

     n. As part of its ownership of OS Pacific, United agreed that the Lease was in full force and effect and further agreed to cause OS Pacific to continue to act as the tenant under the Lease and to perform under the Lease, including by complying with all the monetary and nonmonetary obligations under the Lease.

     o. A true and correct copy of the Landlord Consent to Change In Control agreement confirming United as OS Pacific's parent company is **trial exhibit 36**.

     p. OS Pacific, OSI, and United entered into a *Lease Liability Indemnification and Limitation Agreement* ("Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is **Trial Exhibit 38**.

     q. OSI is the guarantor of the Lease. A true and correct copy of OSI's Guaranty of Lease is **Trial Exhibit 34**.

     r. OSI paid certain amounts to Plaintiff pursuant to an Interim Agreement, including $63,363.32 for rent and property taxes and $1,006.99 for maintenance expenses since OS Pacific's vacation of the premises in October 2020. A true and correct copy of the Interim Agreement is **Trial Exhibit 42**.

     s. Additionally, in November 2022, Plaintiff executed a new lease with a replacement tenant called dba "The Beer Hunter" who has paid certain amounts to Plaintiff under the new lease. A true and correct copy of the new lease is **Trial Exhibit 29**.

t. Plaintiff is currently seeking to evict the new tenant for failure to pay rent.

u. On November 29, 2023, the Court granted in part OSI's motion for partial summary judgment, ruling pursuant to the Indemnity Agreement, that OS Pacific and United have a duty to defend OSI as to Plaintiff's claims; the issue of OS Pacific's and United's indemnity obligations was not ripe as the damages stemming from Plaintiff's claims had not been adjudicated.

v. The only issues that remained for trial are damages, including the affirmative defenses of mitigation as well as offset and unjust enrichment to the extent there exists any credits for any amounts proven paid and not credited and/or deductions for any amounts proven not to be payable under the Lease.

In addition, the following facts are undisputed:

On or about January 25, 2015, OSI sold its interest in OS Pacific to United pursuant to an *Amended and Restated Membership Interest Purchase Agreement* (**Trial Exhibit 37**), whereby United acquired all ownership interest in OS Pacific. United and OS Pacific agreed to perform all monetary and non-monetary obligations under the Lease, and to defend and indemnify OSI for all claims and liabilities under the Lease, pursuant a *Lease Liability Indemnification and Limitation Agreement*, dated January 26, 2015 (**Trial Exhibit 38**) ("Indemnity Agreement").

**B.     Additional Facts Established at Trial**

**Trial Exhibit 37** is a true and correct copy of the *Amended and Restated Membership Interests Purchase Agreement* which states at page 40 that any notice to Cross-Defendants (a.k.a. "Buyers") should be sent to:

United Ohana, LLC
1355 Noel Road, Suite 1645
Dallas, Texas 75230
Attn: President
E-Mail: sdharod@cspsinc.com

with a copy to:

United Ohana, LLC
1355 Noel Road, Suite 1645
Dallas, Texas 75230
Attn: General Counsel
E-Mail: jpanipinto@cspsinc.com

On October 30, 2020, OSI sent an *Indemnification Notice* to Cross-Defendants at the addresses set-forth in the notice provision, above, advising them again of Plaintiff's demand for payment under the Lease and asking that Cross-Defendants defend, hold harmless and indemnify OSI from Plaintiff's claims. **Trial Exhibit 62** is a true and correct copy of this notice. Cross-Defendants confirmed receipt of the *Indemnification Notice* but did not provide a defense or indemnification to OSI. A true and correct copy of a January 26, 2021 letter from David Morris, counsel for Cross-Defendants, addressed to OSI in response to the *Indemnification Notice* is **Trial Exhibit 63.**

In April of 2021, Plaintiff's complaint in this case was served on OSI.

On April 29, 2021, OSI sent additional *Indemnification Notices* to Cross-Defendants at Cross-Defendants' physical address and to Cross-Defendants' agent for service of process, advising Cross-Defendants that Plaintiff had filed suit against OSI for amounts due under the Lease, and demanding that Cross-Defendants defend, indemnify and hold harmless OSI. **Trial Exhibit 45 and 46** are true and correct copies of these additional *Indemnification Notices.* Cross-Defendants did not respond to these additional *Indemnification Notices* and have not provided a defense, or indemnification to OSI to date. As a result, OSI has incurred professional fees and costs defending against Plaintiff's claims and seeking defense and indemnification from Cross-Defendants in this case.

# III.
# CONCLUSIONS OF LAW

The court hereby refers to and incorporates by reference the conclusions of law set-forth in the MSJ Order. In addition, the court makes the following conclusions of law.

**A.  OSI Is Entitled to Recover Against Cross-Defendants**

OSI's claims against Cross-Defendants were fully briefed as part of OSI's motion for partial summary judgment, which this Court GRANTED in part. (ECF Doc. No. 52, dated November 29, 2023.) This Court ruled that pursuant to the Indemnification Agreement, Cross-Defendants have a duty to defend OSI as to Per Pap's claims. The court re-affirms that ruling now, including the following findings and rulings in the MSJ Order:

There was proper consideration for the Indemnity Agreement and that it is enforceable for the purposes of this matter (MSJ Order, p. 9.)

There is no genuine dispute of material fact as to whether OSI provided proper notice to Cross-Defendants of Plaintiff's monetary demands against OSI. Further, even if the Court found that notice was insufficient (which it does not), Cross-Defendants fail to identify how the alleged lack of notice prejudiced them in their ability to defend this action, as required by the Indemnity Agreement. As such, the notice requirement would still be satisfied under the terms of the Indemnity Agreement. (MSJ Order, p. 10.)

Pursuant to the Indemnification Agreement, OSI is entitled to an award of its attorneys' fees, costs, and expenses incurred in connection with the defense of Per Pap's claim and prosecution of its claims against Cross-Defendants in a reasonable amount to be determined by the court in a post-trial memorandum of costs and fees.

At the time of the MSJ Order, the court ruled that the issue of Cross-Defendants' indemnification obligations was not ripe as the damages stemming from Plaintiff's claims had not been adjudicated, although the same evidence and

analysis the Court relied on regarding Cross-Defendants' duty to defend OSI would equally apply to Cross-Defendants' duty to indemnify OSI once the issue of damages is adjudicated at trial. Now, after the trial and the Settlement Agreement, Per Pap's claims have been adjudicated, and the issue of indemnification is ripe. The court rules that OSI is entitled to recover from Cross-Defendants, and each of them, the amount of **$2,568,422**, plus reasonable professional fees and costs incurred by OSI in the Case, in an amount to be determined by the Court by post-judgment Memorandum of Costs and Fees.

The settlement amount of $2,500,000 is a reasonable amount under the circumstances, and the Settlement Agreement was properly negotiated and freely reached by the parties in good faith.

OS Pacific and United reserve and do not waive their rights to contest/object to OSI's Memorandum of Costs and Fees and to appeal the Summary Judgment ruling and this Judgment as it relates to OSI's Memorandum of Costs and Fees and to the extent the Judgment incorporates the Summary Judgment rulings and findings.

## IV.
## CONCLUSION

OSI is entitled to recover from Cross-Defendants, and each of them, the amount of **$2,568,422**, plus reasonable professional fees and costs incurred by OSI in the Case, to be determined by the Court by post-judgment Memorandum of Costs and Fees.

**IT IS SO ORDERED:**

Dated:  June 17, 2024

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE